[Civ. No. 4415.  Fourth Dist.  Dec. 19, 1951.]

A. P. SUVERKRUP et al., Respondents, v. MARGARET SUHL, Appellant.

Joseph V. Mazziotta for Appellant.

Waldo Willhoft for Respondents.

MUSSELL, J.—Defendant appeals from a money judgment rendered against her in an action to foreclose a mechanic's lien.

It is alleged in the complaint that plaintiff sold and supplied to defendants certain building materials for use in the construction of an ice skating rink near the city of San Bernardino and that defendants promised and agreed to pay the reasonable value of said building materials. A judgment was prayed for in the sum of $2,296.75, the alleged unpaid balance. Margaret W. Suhl was the only defendant who was served and appeared at the trial.

It was stipulated that the merchandise was actually delivered at the ice hockety rink and that the charges made therefor were reasonable. ■ The controlling question before us is whether there is substantial evidence to support the trial court's findings that the materials were furnished at the defendant's instance and request and that she agreed to pay for them personally.

Defendant was the principal shareholder in the San Bernardino Ice Hockey Club, a corporation. The remaining shares were owned by Mr. Cornell and Mr. William Kipp.

In May, 1950, Mr. Kipp and Mrs. Suhl called at plaintiffs' place of business to arrange for the purchase of building materials for the construction of an ice rink. They talked to A. P. Suverkrup, who was a junior partner and in charge of plaintiffs' extension of credit to prospective purchasers of building materials. Mr. Suverkrup testified concerning the conversation which took place at his office as follows:

"A Mrs. Suhl said—Mrs. Suhl wanted to purchase lumber and Mr. Kipp wanted to purchase lumber for the San Bernardino Ice Hockey Association and I said that I did not sell to any small corporation because previous to that time, in the year 1950, the company had taken a loss selling to small corporations because there was no single personal financial responsibility and I suggested that they apply for a modernization loan."

Following this conversation, Mr. Suverkrup prepared an application for a loan and submitted it to the Bank of America. The bank rejected the application of the hockey club corporation, following which Mr. Kipp again called upon Mr. Suverkrup and asked him to sell the merchandise to Mrs. Suhl and to Mr. Kipp personally. Mr. Suverkrup called Mrs. Suhl on the telephone and informed her that Mr. Kipp had

been in his office and wanted to charge the merchandise to himself and Mrs. Suhl. Mr. Suverkrup told Mrs. Suhl that he didn't know Mr. Kipp and that if she wanted to open an account, he would sell and deliver the merchandise to her. Mrs. Suhl then stated that it would be all right to open the account in her name and charge the material to her. Mr. Suverkrup then obtained a credit report on Mrs. Suhl and after considering it, sold the materials to her and delivered them to the construction site. All invoices were made out to ''Margaret W. Suhl'' and sent to her address. The bills for May and June, 1950, were paid. The defendant then failed to make further payments. On or about August 22, 1950, Mr. Suverkrup called upon Mrs. Suhl and asked for payment of the account. He testified concerning the conversation as follows:

''A. I asked her for payment of the account. She told me that at the present time she couldn't pay it and I said well, that we had extended credit on the basis of the tenth of the month following and we needed our money and I wanted the money. She said that she was negotiating or making some arrangements for the sale of the Ice Hockey Association and she·would pay me; she was responsible for the bill, she said she would send the money in a few days and have something worked out on it. I said that was all right and I went back to my office, then I called her again possibly a week or so later and again requested payment and she said she couldn't pay me.''

The defendant first argues that there was no agreement, express or implied, between the parties that defendant would be liable personally to plaintiffs for the building materials furnished. However, in addition to the testimony of Mr. Suverkrup concerning the conversations had with defendant, Mr. Kipp testified as follows:

''Q. Did she (Mrs. Suhl) say anything about what arrangements she made with Suverkrup? A. Yes.

''Q. What did she say? A. That the stuff was sold to her, that she was responsible.''

Defendant testified that she did not make any arrangement with plaintiffs concerning obtaining credit for lumber. However, she admitted talking to Mr. Suverkrup on the telephone and the conversation had in his office and admitted that Mr. Suverkrup told her he did not care to extend credit to a little

corporation because of previous experiences with other small corporations.

■ While there is some conflict in the testimony of defendant and Mr. Suverkrup, that conflict was resolved in favor of the plaintiff by the trial court and since its findings that defendant promised and agreed to pay for the materials furnished and that they were furnished at her special instance and request are supported by substantial evidence they are binding upon this court.

■ It is argued that defendant was only a guarantor of the account of the hockey club corporation and that therefore under the provisions of section 1973 of the Code of Civil Procedure there must be a writing before she can be held liable. This argument is without merit as the code section has no application where, as here, the merchandise was sold to defendant personally. The evidence shows that plaintiffs were not interested in selling the merchandise to the ice hockey corporation and in fact refused to do so. Defendant presented no evidence which would support a finding that an agreement of guaranty was entered into between the parties. Such an agreement was neither alleged nor proved.

■ Defendant argues that the trial court erred in admitting parol evidence of an agreement required to be in writing by the provisions of section 1973a of the Code of Civil Procedure. This section has no application to the present case since there is substantial evidence that part of the building materials sold were accepted and received by defendant and her agents.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.